IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD GENE GUY**, et al. Class Action,

    Plaintiff,

vs.                                                    No. 12cv1225 MV/RHS

**UNITED STATES DEPARTMENT OF DEFENSE (D0D);
UNITED STATES ARMY MEDICAL CORPS, Camp Arifjon, Ku;
UNITED STATES DEPARTMENT OF LABOR, Overseas Labor in War Zones;
FEDERAL DEFENSE ACT D.B.A WARTIME COMPENSATION FOR INJURIES;
AMERICAN INTERNATIONAL GROUP INSURANCE CORPORATION, A.I.G.,
D.B.A UNDERWRITER;
KELLOG, BROWN, ROOT, K.B.R., "Total Force" Iraq Logcap Contractor;
INTERNATIONAL AMERICAN PRODUCTS, I.A.P. (K.BR. .Subcontractor Supply Convoys, Iraq,**

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

## AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on pro se Plaintiff Richard Gene Guy's *Application to Proceed in District Court Without Prepayment of Costs and Fees*, filed September 14, 2012, *see* Doc. 2 (hereinafter called "motion to proceed IFP"), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned,

nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim or "seeks monetary relief against a defendant who is immune from such relief," it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

**A. Background**

Guy is no stranger to this Court. As the Court has previously noted,

> Guy was indicted by a State grand jury in Las Cruces, New Mexico on seven counts of tax evasion and ten counts of fraud. The Indictment was returned on March 17, 2005, and a warrant for Guy's arrest was issued on April 6, 2005. Guy left the United States and secured work in Kuwait, working for a contractor involved in supporting the United States military in the Middle East. On April 13, 2005, the State of New Mexico sought the assistance of the United States Marshal Service ("USMS") in Las Cruces in apprehending Guy so that he could face trial in New Mexico. During the course of its efforts to locate Guy, the USMS learned that Guy was in the Middle East, and through the American Embassy in Kuwait, the USMS discovered Guy was Kuwait City. . Upon learning of the outstanding Indictment and warrant for Guy's arrest, the American Embassy confiscated Guy's Passport. In February 2007, the USMS learned that Guy was under investigation by the United States Army Criminal Investigation Division ("CID") as well as by Kuwaiti officials, including the Kuwaiti Minister of the Interior ("KMI") concerning issues related to fraudulent contractor "badging" requirements. The KMI determined that Guy was in violation of Kuwaiti immigration law and would be deported. He was taken into custody in Kuwait by Kuwaiti officials, not by U.S. Marshals, and placed in a Kuwait detention facility

*Guy v. Northcutt*, No. 08cv347 WFD/LFG, Doc. 62 at 2-3 (D.N.M. June 1, 2009) (citations and formatting omitted). In March 2008, Guy brought suit in this Court against three U.S. Marshals who were allegedly involved in bringing Guy back to New Mexico, the assistant district attorney who prosecuted him, and the District Attorney. *See id.* The Court found, on a motion for summary judgment, that Guy's allegations were wholly contradicted by the record and that the

prosecutors were entitled to absolute immunity, and Guy's Complaint was ultimately dismissed with prejudice. *See id.* Doc. 64 (Order adopting R&R and dismissing remaining claim); *id.* Doc. 59 (adopting R&R and dismissing claims against prosecutors). Guy did not appeal.

Guy filed a federal suit in this District against the Dona Ana County Detention Center and its officers on July 30, 2008, alleging violation of his constitutional rights. *Guy v. Dona Ana Cnty. Detention Ctr.*, No. 08cv706 JCH/LFG. The Court dismissed the action with prejudice on December 16, 2009, after the undisputed documentary evidence showed that Guy's constitutional rights had not been violated as a matter of law and that he had not been retaliated against. *See id.* Docs. 48, 49. Guy did not appeal.

On August 12, 2010, Guy filed another suit against the Dona Ana County Detention Center and one of its administrators, contending that it had denied him access to legal materials between September 2007 and September 2008, thereby causing him to lose his 2008 federal case against the U.S. Marshals. *See Guy v. Dona Ana Cnty. Detention Ctr.*, No. 10cv753 WJ/ACT, Doc. 1. When Guy refused to make partial payments toward payment of his filing fees, the Court dismissed his cause of action on May 25, 2011. *See id.* Doc. 9. Guy did not appeal.

In January 2011, Guy filed another federal suit, this time against the same defendants he has sued in the case at bar. *See Guy v. A.I.G.*, No. 11cv0063 WJ/RHS Doc. 5 (D.N.M. Feb. 15, 2011) (Memorandum Opinion and Order ("MOO") dismissing case). This Court concluded that Guy's Complaint failed to state a claim for several reasons, and the Court adopts and incorporates the Court's February 15, 2011 MOO by reference. Guy appealed from that decision, but the Tenth Circuit dismissed his appeal for failure to prosecute. *See id.* Doc. 15-1 (Tenth Circuit Order filed July 13, 2011).

On July 9, 2012, Guy filed a federal habeas petition that "initially included claims for civil rights violations as well as habeas relief." *Guy v. Garcia*, No. 12cv0742 MV/ACT Doc**.** 14 at 3 (**D.N.M.** June 11**,** 2013).  After Guy voluntarily dismissed his civil-rights claims, the Court dismissed his habeas petition because he "failed to exhaust his state remedies before filing his federal habeas petition." *Id.*; *id.* Doc. 15 (D.N.M. July 10, 2013) (Order Adopting PFRD).

On July 10, 2012, Guy filed a separate federal prison-conditions case erroneously labeled as a "habeas petition" against nine defendants . *See Guy v. NM Dep't of Corr.*, No. 12cv774 JCH/WPL, Doc. 1.  He supplemented the Complaint many times, adding Corizon, a "contracted health provider" for the prison and its employees.  The second supplemental Complaint alleged deliberate indifference to his serious medical needs by delay in treatment. *See id.* Doc. 8.  The Court dismissed, for failure to state a viable federal claim, all claims for unsanitary prison conditions against two additional defendants whom Guy attempted to add in an amended complaint.  *See id.* Doc. 21 (PFRD), Doc. 24 (Order adopting PFRD).  The Court subsequently construed his claims as ones brought under § 1983 and dismissed all of the defendants and all of his claims, except for the medical-delay claim against Corizon, because Guy made conclusory allegations; he had failed to allege actual  injuries to himself; and he had filed a "shotgun pleading" that "incorporated numerous extraneous and immaterial allegations into each of his pleadings." *Id.* Doc. 10 at 4-6 (D.N.M. Dec. 18, 2012).  After discovery, the Court set out undisputed facts showing that Guy's claim of deliberate indifference to his medical needs by delay was wholly belied by his extensive medical prison records showing almost monthly medical appointments, laboratory tests, and prescription medications.  *See* Doc. 32 at 2-6 (PFRD).  But the Court ultimately dismissed his Complaint against Corizon because he "failed to

exhaust his administrative remedies." *See id.* at 12; Doc. 38 (D.N.M. July 10, 2013) (Order adopting PFRD). Guy did not appeal.

### B. Analysis

#### 1. **Guy's repetitive Complaint must be dismissed as frivolous and malicious.**

In enacting § 1915, "Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez* , 504 U.S. 25, 31 (1992) (internal quotation marks omitted).

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah,* 32 F.3d 1446, 1447, 1449 (10th Cir.1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado,* 121 F.3d 573, 574 (10th Cir.1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway,* 791 F.2d 1431, 1437 (10th Cir.1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious .... No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam).

*Childs v. Miller,* 713 F.3d 1262, 1265 (10th Cir. 2013).

Guy filed his motion to proceed IFP and the Complaint at bar in the D. C. District Court on September 14, 2012, a year and one-half after this Court had denied IFP and dismissed his Complaint against the same Defendants, based on the same allegations, for failure to state a cognizable federal claim. *See Guy v. Dep't of Defense*, No. 12cv1225 MV/RHS Doc. 1. The D.C. District Court transferred the case to this Court for resolution of all issues, including the motion to proceed IFP. *See id.* Doc. 6. For the same reasons stated in this Court's February 15, 2011 MOO in *Guy v. A.I.G.*, No. 11cv0063 WJ/RHS, the Court concludes that IFP must be denied and the frivolous Complaint must be dismissed. *See Denton*, 504 U.S. at 31 (stating that,

although a dismissal under § 1915 " is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  It could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions").

    C.    **Order to show cause.**

It seems clear that Guy has re-filed his frivolous Complaint in a different District with no relation to him or to his claims as an attempt to circumvent this Court's rulings.  The Court takes judicial notice of the cases set out above that demonstrate that Guy has developed a habit of filing frivolous and unsubstantiated suits in this District.  *See United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) ("we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").  As noted above, "[t]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted).  "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted).  "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).  Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action.  *See id*. at 353-54.  When a party has engaged in an abusive pattern of litigation, it is appropriate for

the court to enjoin that litigant from filing any claims without first seeking prior leave of the court.  *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

The burden Guy has placed on the federal courts because of his frivolous filings[1] is extremely heavy.  Guy shall show cause in writing, within 14 days of the filing of this Order, why he should not be sanctioned by the imposition of filing restrictions to stop his abusive behavior of filing frivolous suits in this District.

**IT IS ORDERED** that Guy's motion to proceed IFP (Doc. 2) is DENIED and the repetitive case is DISMISSED  under § 1915(e)(2) as frivolous.

**IT IS FURTHER ORDERED** that Guy shall show cause in writing, within 14 days of the filing of this Order, why filing restrictions should not be imposed against him.  If Guy fails to timely respond, the Court will issue filing restrictions without further notice.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] Under § 1915**(g),**
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals."  *Jennings v. Natrona Cnty. Detention Ctr. Medical Facility,*  175 F.3d 775, 778 (10th Cir. 1999) (setting out rules on counting strikes).  Because he has exhausted or waived his appeal in *Guy v. AIG*, No. 11cv0063 WJ/RHS,, this Court's dismissal of that suit for failure to state a valid federal claim  counts as a strike. *See Smith v. Veterans Admin.,*  636 F.3d 1306, 1313 (10th Cir. 2011) ("a district court's order of dismissal cannot count as a strike in this circuit until the prisoner has exhausted or waived his appeals[,]") (internal quotation marks omitted)).  A habeas petition that contains both habeas-corpus and civil-rights claims that are  dismissed under § 1915(e) as frivolous, malicious, or for failure to state a claim  also  count as a strike.  *See* Herrera v. Keating, No. 97–6078, 1997 WL 687695, at * 3 (10th Cir. Oct. 30, 1997).